# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CANDACE MARTIN                              CIVIL ACTION

VERSUS                                      NUMBER 07-940-RET-DLD

D.R. HORTON, INC.

## REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff's motion to remand (rec. doc. 13). The motion is opposed. The Court addresses whether subject matter jurisdiction exists over the two defendants joined as parties by plaintiff's first amended and supplemental complaint, and if not, whether the case should be remanded under 28 U.S.C. §1447(e).

Background

On or about November 30, 2006, plaintiff purchased a new home located in Denham Springs, Louisiana, from D.R. Horton, Inc. Plaintiff found the house to be defective in several respects; therefore, on November 5, 2007, she filed suit in the 21st Judicial District Court, Parish of Livingston, against defendant D.R. Horton, Inc. seeking damages, attorneys' fees, court costs, and trial by jury. Plaintiff listed thirty-one specific defects in her original petition. Defendant timely filed a notice of removal and established diversity of citizenship and amount in controversy (rec. doc. 1).[1] Plaintiff did not move to remand the suit to state court.

On May 15, 2008, plaintiff filed her first motion for leave to file amended complaint for damages seeking to add Reliant Heating and Air Conditioning, L.L.C. and Reliant Heating and Air Conditioning, Inc. (the Reliant defendants) as defendants to this matter for the deficient designing, planning, and installation of the inadequate air conditioning system in plaintiff's

---

[1] Defendant's notice of removal establishes diversity jurisdiction based on allegations that D.R. Horton, Inc. is incorporated in Delaware with its principal place of business in Texas and that plaintiff is a citizen of Louisiana, and amount in controversy based on the thirty-one defects specifically plead in the petition, plaintiff's request for attorneys' fees, and plaintiff's request for a jury trial (rec. doc. 1).

home.  The amended complaint seeks damages for redhibitory defects and for breach of the implied warranty of fitness.  Plaintiff's amended complaint states that her claims in redhibition and negligence against the Reliant defendants "are less than $75,000" (rec. doc. 10-2). Defendant consented to plaintiff's motion for leave to file amended complaint after it was filed; thus, the motion for leave was granted.  Plaintiff's failure to properly allege the citizenship of the Reliant defendants was corrected in the notice of citizenship filed pursuant to an order of this Court.[2]

In connection with the motion for leave to file amended complaint, plaintiff filed a motion to remand, arguing that the Reliant defendants destroyed the Court's subject matter jurisdiction over the case, which requires the Court to remand the matter pursuant to 28 U.S.C. §1447(e). Plaintiff's motion to remand is before the Court for review.

Argument of the Parties

Plaintiff argues that in order for the Court to maintain subject matter jurisdiction over this case, the diversity and amount in controversy requirements must be met with respect to  the Reliant defendants added in the amended complaint.  Plaintiff argues that her claims as stated in the amended complaint against the Reliant defendants will not, with legal certainty, meet the jurisdictional minimum of $75,000 required for the Court to maintain subject matter jurisdiction over this case. In support of her motion to remand, plaintiff attaches three estimates ranging from $4,875.00 to $8,107.00 for the repair work to her air conditioning system (rec. doc. 13-2, Exhibits A-C). Additionally, plaintiff suggests that her negligence claims against the Reliant defendants will not, even in addition to the repair costs, reach the jurisdictional minimum.

---

[2]
   Plaintiff establishes that Reliant Heating and Air Conditioning, Inc. is a corporate party whose state of incorporation is Texas and whose principal place of business is Irving, Texas, and Reliant Heating and Air Conditioning, L.L.C. is a limited liability company whose sole member/manager is Reliant Hearing and Air Conditioning, Inc.

Plaintiff notes that regardless of whether the Reliant defendants were joined as a result of Fed. R. Civ. P. 19 or 20, the Court cannot exercise supplemental jurisdiction over those claims due to the plain wording of 28 U.S.C. §1367(b). Plaintiff further objects to the argument that it can aggregate all claims against the multiple defendants in order to satisfy the requisite amount in controversy for subject matter jurisdiction. Plaintiff claims that the amended complaint that joined the Reliant defendants destroys the Court's subject matter jurisdiction over this matter, and the case must be remanded.

Defendant D.R. Horton, Inc. opposes the motion to remand by arguing that diversity jurisdiction was established at the time of removal. Additionally, defendant presents evidence to prove that plaintiff refuses to stipulate that her claims against it (not the Reliant defendants) are less than $75,000. Defendant claims that because the claims asserted against the Reliant defendants arise from the same facts that give rise to plaintiff's claims against D.R. Horton, the Court should exercise supplemental jurisdiction over the added claims pursuant to 28 U.S.C. §1367 and deny the motion to remand. Further, defendants argue that all of plaintiff's claims against the multiple defendants should be aggregated to satisfy the amount in controversy.

<u>Applicable Law and Discussion</u>

The Court received no objection to the motion for leave to file amended complaint; thus, it was granted and the Reliant defendants were joined as parties on July 3, 2008 (rec. doc. 18). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. §1447(e).[3] It is undisputed that the requirement

_____

[3] Defendant did not object to the addition of the Reliant defendants under the factors set forth in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987); thus, the motion for leave to file amended complaint seeking to add the Reliant defendants was granted. Plaintiff addressed the *Hensgens* factors in her

of diversity of citizenship is satisfied in this case, and the only issue before the Court is whether plaintiff's claims against the Reliant defendants satisfy the minimum amount in controversy, and, if not, whether the Court is required to remand this matter pursuant to 28 U.S.C. §1447(e).

Remand is proper if at any time the court lacks subject matter jurisdiction. 28 U.S.C. §1447(c).  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Texas, Inc.,* 351 F.3d 636 (5th Cir. 2003), *Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

This Court exercised original jurisdiction over this matter based on diversity under 28 U.S.C. §1332. Plaintiff joined the Reliant defendants post-removal in her amended complaint pursuant to Fed. R. Civ. P. 19 or 20.  Pursuant to the plain language of 28 U.S.C. §1367(b), the district court cannot exercise supplemental jurisdiction over the claims by plaintiff against entities joined as parties under either Rule 19 (indispensable parties) or Rule 20 (permissive joinder).  Thus, the court cannot invoke supplemental jurisdiction over plaintiff's claims against the Reliant defendants, and the diversity and amount in controversy requirements for jurisdiction must be established for all defendants joined in this action. 28 U.S.C. §1367(b); *Am. Bldg. Maint. Co. V. 1000 Water Street Condo. Ass'n*, 9 F. Supp.2d 1028, 1031-32 (E.D. Wis. 1998).

Defendant D.R. Horton, Inc., however, suggests that plaintiff's claims against it should be aggregated with the claims against the Reliant defendants in order to satisfy the amount in controversy.  Claims by a single plaintiff against multiple defendants can be aggregated for

---

memorandum in support of motion to remand and illustrated that the joinder of the Reliant defendants satisfied the *Hensgens* factors.

the purpose of attaining the amount in controversy only if the defendants are jointly liable to the plaintiff. *Failla v. Dynasty Distributors, Inc.*, 2006 WL 860969 (E.D. La. 2006), *citing Jewell v. Grain Dealers Mutual Ins. Co.*, 290 F.2d 11 (5th Cir. 1961).[4] The court in *Carpenter v. Illinois Central Gulf Railroad Co.*, 524 F.Supp. 249 (M. D. La. 1981), noted that this principle allowed aggregation only when defendants were liable *in solido*.

Plaintiff argues that as the seller/builder of the home, defendant D.R. Horton, Inc., would be liable under the New Home Warranty Act for various defects in the home.  As the installer of the air conditioning unit, the Reliant defendants would be liable in redhibition and negligence only for defects in the air conditioning system.  The law does not recognize these defendants, seller/builder and installer, as solidary obligors, and there are no allegations in plaintiff's amended complaint that the defendants are solidarily liable for plaintiff's damages. See La. Civ. Code art. 2324; *Gogreve v. Downtown Development Dist.*, 426 F.Supp.2d 383 (E.D. La. 2006) (Louisiana eliminated solidary liability for negligent tortfeasors except in cases involving a conspiracy).  Thus, there is no basis to allow plaintiff to aggregate her claims against the defendants in this case to reach the minimum amount in controversy.

Because the Reliant defendants were added post-removal via Rule 19 or 20, the Court cannot exercise supplemental jurisdiction over them pursuant to 28 U.S.C. §1367.  Further, because the defendants are not solidary obligors, plaintiff cannot aggregate all of her claims against the defendants in order to reach the amount in controversy.  Thus, plaintiff's claims against the Reliant defendants must meet the minimum amount in controversy without consideration of the claims against D.R. Horton, Inc. in order to support the Court's subject matter

---

[4] The civil law concept of *in solido* or solidary liability is the functional equivalent of the common law principle of joint and several liability. *Failla*, 2006 WL 860969, *3, FN3, citing,  *Romero v. Witherspoon,* 7 F. supp.2d 808, 811 (W.D.La.1998) (citing *Touchard v. Williams*, 617 So.2d 885, 889 (La.1993)).

jurisdiction.

Plaintiff has offered sufficient evidence in her motion to remand that her claims against the Reliant defendants will not, with legal certainty, reach the minimum amount in controversy. Plaintiff offers three separate quotes that estimate that the repairs to the air conditioning until will cost between $4,875.00 and $8,107.00 (rec. docs. 13-3, Exhibit A-C).  Plaintiff claims that the negligence claims will not, even in addition to the repair costs, reach the $75,000 amount in controversy.  Defendant has offered no evidence to prove that plaintiff's claims against the Reliant defendants can satisfy the $75,000 minimum amount in controversy, and its arguments that the Court can exercise supplemental jurisdiction over these claims or that all plaintiff's claims can be aggregated are without merit.  Thus, defendant has not met its burden of proving that subject matter jurisdiction exists after the addition of the Reliant defendants.

Recommendation

For the foregoing reasons,

**IT IS THE  RECOMMENDATION** of the court that the plaintiff's motion for remand (rec. doc. 13) be **GRANTED** and that this matter be **REMANDED** to the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on September 23, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

CANDACE MARTIN                                    CIVIL ACTION

VERSUS                                            NUMBER 07-940-RET-DLD

D.R. HORTON, INC.

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 23, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**